IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:09-CV-00459

| | |
|---|---|
| JOHN HENRY MARTIN, Jr., individually, and as parent and guardian of M.R.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>HEMOPHILIA RESOURCES OF AMERICA NC, HEMOPHILIA RESOURCES OF AMERICA, INC., HEMOPHILIA HEALTH SERVICES, INC., ACCREDO HEALTH GROUP, INC., MEDICAL SPECIALTIES DISTRIBUTORS, LLC, AM2PAT, INC., d/b/a SALIENT HEALTHCARE TECHNOLOGY and "SIERRA PREFILLED" and/or SIERRA PRE-FILLED INC.", and DUSHYANT M. PATEL,<br><br>Defendants. | **STIPULATED QUALIFIED PROTECTIVE ORDER** |

Based on the stipulation appearing below, it is hereby **ORDERED** as follows:

1. In this products liability action, which concerns alleged defects in medical devices alleged to have been manufactured, sold and/or distributed by the defendants, the parties expect that the materials they produce will contain confidential, trade secret, or proprietary information (including financial information) relating to the defendants' business operations and/or identifiable health information relating to the plaintiff's minor child or other individuals. To preserve the confidentiality of this information, the parties have consented to the entry of this Stipulated Qualified Protective Order.

2. As used in this order, the term "Confidential Discovery Material" means (i) discovery materials, irrespective of the form in which they are produced, including printed or

electronically recorded documents, in connection with the discovery process in the above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks, that a party hereto designates as **"Confidential"** pursuant to the terms of this order. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

3. Any person subject to this order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this order.

4. Documents or other discovery material may be designated as **"Confidential"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information, which may include financial information, information relating to ownership or control of any non-public company, any information required by law to be maintained in confidence by any person, any information protected from disclosure by government regulations, and any information protected from disclosure by privacy law, as well as any other type of information given confidential status by the court.

5. With respect to the confidential portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as Confidential Discovery Material by stamping or otherwise clearly marking the protected page, passage, or item as **"Confidential"** in such a manner that will not interfere with legibility or audibility.

6. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media, including information, files, databases or programs stored on

any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes, ("Electronic Discovery Material") is produced in such form, a party or third-party producing such Electronic Discovery Material may designate it as "**Confidential**" by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file. Whenever a party or other person subject to this Order to whom confidential Electronic Discovery Material is produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party or other person shall mark the hardcopy or image form with the "**Confidential**" designation.

7. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the text in the transcript where these questions and/or answers occur shall be specially marked as a separate page stamped "**Confidential Information Governed By Protective Order**" by the court reporter. Alternatively, the party may designate information disclosed at deposition as confidential by notifying the other party or parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

8. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this order. However, no party shall be penalized in any way for disclosing such materials prior

3

to receiving notice of this belated realization unless on reasonable notice that such materials were inadvertently not designated.

9. Inadvertent disclosure of information subject to work-product protection, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the protection or privilege, provided that the disclosing party notifies the receiving party in writing when it becomes aware of such inadvertent disclosure. Copies of such inadvertently disclosed privileged and/or protected information shall be returned to the disclosing party or destroyed immediately upon notice of privilege and/or protection, and any privileged and/or protected information shall be deleted from any litigation support or other database and shall not be disclosed or used in this action or for any other purpose. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the disclosing party before complying with the above and is expected to comply with the requirements of paragraph 8 as soon as it knows, or should know, that the information is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Rule 502 of the Federal Rules of Evidence.

10. No person subject to this order other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

    (a) Counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

    (b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

    (c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an acknowledgement of the type described in paragraph 11 hereof; however, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture or sale of any product

4

that competes with or is similar to any products researched, developed, manufactured or sold by any of the defendants, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the confidential material, or obtain an order from the Court permitting the disclosure to said witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an acknowledgement of the type described in paragraph 11 hereof;

(e) Official court reporters;

(f) The court, mediators, and support personnel; and

(g) Insurers and indemnitors to the extent reasonably necessary to defend.

11. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 9 above, the person shall be provided by counsel with a copy of this protective order and shall sign an acknowledgement of protective order (the "acknowledgement") in the form attached as Exhibit 1 hereto. The acknowledgement will state that the person has read this order and agrees to be bound by its terms. All acknowledgements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of the acknowledgements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

12. All Confidential Discovery Material shall be filed under seal in accordance with Local Civil Rule 79.2(e), EDNC, including any portion of a court paper that discloses Confidential Discovery Material, with notice of such filing served upon the producing party. Each time a party seeks to file under seal confidential documents, things, and/or information,

5

said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and

(e) whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

13. When a party seeks to file confidential documents, things and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'

14. Any party objecting to any designation of material as Confidential Discovery Material or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as **"Confidential"** shall remain as Confidential Discovery Material pursuant to this order.

6

15. The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

16. Each person who has access to Confidential Discovery Materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

17. This order shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, destroyed. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

18. The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

19. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

20. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this order.

21. This order shall not apply to, or restrict Confidential Discovery Material used at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the court as a separate matter upon the motion of any party. The provisions of this

order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

22. This Stipulated Qualified Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any health information pertaining to an identifiable individual shall be automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this order, without being stamped as **"Confidential"** by the producing party. Nothing in this order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPAA.

**IT IS SO ORDERED** this 29 day of July, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

The undersigned parties stipulate to the entry of the foregoing order

| | |
|---|---|
| MARTIN & JONES, PLLC | ELLIS & WINTERS LLP |
| /s/ Walter McBrayer Wood | /s/ Alexander M. Pearce |
| H. Forest Horne, Jr. (NCSB #016678) | Leslie C. O'Toole (NCSB # 13640) |
| Walter McBrayer Wood (NCSB #33537) | Alexander M. Pearce (NCSB #37208) |
| 410 Glenwood Avenue, Suite 200 | P.O. Box 33550 |
| Raleigh, NC 27603 | Raleigh, NC 27636 |
| Telephone: (919) 821-0005 | Telephone: (919) 865-7000 |
| Facsimile: (910) 863-6084 | Facsimile: (919) 865-7010 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS MEDICAL SPECIALTIES DISTRIBUTORS, LLC; HEMOPHILIA RESOURCES OF AMERICA NC, HEMOPHILIA RESOURCES OF AMERICA, INC., HEMOPHILIA HEALTH SERVICES, INC., AND ACCREDO HEALTH GROUP, INC. |

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### Case No.: 5:09-CV-00459

| | |
|---|---|
| JOHN HENRY MARTIN, Jr., individually, and as parent and guardian of M.R.M., a minor,<br><br>          Plaintiffs,<br><br>     v.<br><br>HEMOPHILIA RESOURCES OF AMERICA NC, HEMOPHILIA RESOURCES OF AMERICA, INC., HEMOPHILIA HEALTH SERVICES, INC., ACCREDO HEALTH GROUP, INC., MEDICAL SPECIALTIES DISTRIBUTORS, LLC, AM2PAT, INC., d/b/a SALIENT HEALTHCARE TECHNOLOGY and "SIERRA PREFILLED" and/or SIERRA PRE-FILLED INC.", and DUSHYANT M. PATEL,<br><br>          Defendants. | |

I, _____, acknowledge that I have read and understand the Stipulated Qualified Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "**Confidential**" or contain individually identifiable health information. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this action and that at the conclusion of the action I will return all such Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Qualified Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Eastern District of North Carolina, Western Division for the purpose of any issue or dispute arising

hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

This ____ day of _____, ____

Case 5:09-cv-00459-FL   Document 53   Filed 07/29/10   Page 11 of 11